THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JEREMY BRYAN BARNEY,<br><br>Plaintiff,<br><br>v.<br><br>SALT LAKE COUNTY METRO JAIL,<br>Defendant. | **MEMORANDUM DECISION<br>AND ORDER<br>DISMISSING ACTION<br>WITHOUT PREJUDICE**<br><br>Case No. 2:21-cv-328<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Plaintiff initiated this Section 1983 action on May 28, 2021, with a Complaint and a handwritten motion for leave to proceed *in forma pauperis* (IFP). *See* Dkt. No. 1; Dkt. No. 2. Four days later, the court ordered Plaintiff to file within thirty days a completed affidavit including a statement of all assets he possesses and of his inability to pay the cost of these proceedings (on a form attached to the court's order) and certified copies of his inmate trust fund account statements for the preceding six months, as required by 28 U.S.C. § 1915(a). *See* Dkt. No. 3 at 1–2. "If Plaintiff does not fully comply," the court warned, "this complaint will be dismissed." *Id.* Plaintiff filed the affidavit on June 10, 2021. *See* Dkt. No. 4. But he did not file his certified account statements—or, indeed, any account statements at all.

The court granted Plaintiff's motion for leave to proceed IFP on August 16, 2021, and again ordered Plaintiff to file within thirty days a certified copy of his inmate trust fund account statements for the preceding six months. *See* Dkt. No. 6. As it had done before, the court warned that "[i]f Plaintiff does not fully comply, [his] complaint will be dismissed." *Id.* at 2. On August 27, 2021, mail sent to Plaintiff at the Salt Lake Country Metro Jail was returned as undeliverable because Plaintiff had purportedly been released from jail. *See* Dkt. No. 9 at 1, 4. Almost four

months later, on December 14, 2021, the court ordered Plaintiff to "either verify he is still a prisoner (and file the certified account statement required in the courts earlier orders), or file a renewed Application to Proceed IFP, reflecting non-prisoner status" within thirty days. Dkt. No. 11 at 1 (citations omitted). Plaintiff failed to comply with—or to otherwise respond to—that order. After two and a half more months had passed, the court ordered Plaintiff to "file a brief showing cause why this action should not be dismissed for failure to prosecute and to comply with court orders" no later than March 28, 2022, Dkt. No. 12 at 1, with a third warning that "[i]f Plaintiff does not respond accordingly, the action will be dismissed," *id.* Plaintiff has again failed to comply.

Pursuant to Federal Rule of Civil Procedure 41(b), "[if] the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Courts also have inherent authority to clear their "calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Dismissal for failure to prosecute is the "standard" way to clear "deadwood from the courts' calendars" resulting from plaintiffs' "prolonged and unexcused delay." *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988).

This court's local civil rules thus provide that "[t]he court may issue at any time an order to show cause why a case should not be dismissed for lack of prosecution" and "[i]f good cause is not shown within the time prescribed by the order to show cause, the court may enter an order

of dismissal with or without prejudice, as the court deems proper." DUCivR 41-2. Where dismissal is without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007).[1]

Plaintiff disregarded both the court's orders relating to his certified inmate trust account statements and its order to verify his prisoner status. He has also failed to respond to an order requiring him to show cause why this action should not be dismissed for failure to comply with the court's orders and for failure to prosecute. And he has done all this despite multiple warnings that failure to comply with the court's orders would result in dismissal of this action.

In light of these actions, the court finds that Plaintiff has failed to (1) prosecute this action; (2) comply with this court's orders; or (3) show good cause why this action should not be dismissed. The court accordingly dismisses Plaintiff's action pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41-2. In the interest of justice, dismissal is without prejudice.

IT IS SO ORDERED.

DATED this 28th day of April, 2022.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge

---

[1] When dismissal is with prejudice—either by its terms or in effect—the court must consider "(1) the degree of actual prejudice to [Defendant]"; (2) "the amount of interference with the judicial process"; (3) the litigant's culpability; (4) whether the court warned the noncomplying litigant that dismissal of the action was a likely sanction; and (5) "the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks omitted). Because dismissal is without prejudice, the court need not—and does not—consider these factors here.